**CALAVO GROWERS, INC., Plaintiff,**

v.

**ANTHONY GAGLIANO CO., INC., Anthony N. Gagliano, Michael Gagliano, and Richard J. Kollauf, Defendants.**

No. 03–C–0556.

United States District Court,
E.D. Wisconsin.

Dec. 3, 2003.

Jordan B. Reich, Kohner Mann & Kailas, Milwaukee, WI, Katy L. Koestner, Meuers Law Firm PL, Naples, FL, for Plaintiff.

Grant C. Killoran, James Patrick Thomas, Michael Best & Friedrich, Milwaukee, WI, for Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CALLAHAN, United States Magistrate Judge.

This action was commenced on June 13, 2003, when the plaintiff, Calavo Growers, Inc. ("Calavo"), filed a complaint against defendants Anthony Gagliano & Co., Inc. ("Gagliano"), Anthony N. Gagliano ("Anthony"), Michael Gagliano ("Michael") and Richard J. Kollouf ("Kollauf"). In its Complaint Calavo alleges that from April 29, 2002, through June 30, 2002, it sold to Gagliano, and Gagliano purchased from Calavo, produce (avocados) in the total amount of $35,096.00. Claiming that Gagliano never paid for the avocados, Calavo seeks such a judgment for the amount of $35,096.00, together with interest, costs and attorney fees. Jurisdiction of this court is invoked under the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. § 499e(c)(4), 28 U.S.C. § 1331, and, as to the plaintiff's state law claims, 28 U.S.C. § 1367.

The defendants have filed a motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure. At its heart the defendants' motion is predicated on the proposition that the plaintiff never sold any produce to Gagliano. Instead, according to the defendants, the commercial arrangement between Gagliano and Calavo was one of bailment. Specifically, the defendants assert as follows:

> [E]ach of the Counts [of the complaint] should be dismissed because the avoca-

---

[1]. Along with their motion to dismiss, the defendants filed the affidavit of Michael A. Gagliano together with copies of various documents, including several invoices of A. Gagliano Co., Inc., and a check drawn on the account of Calavo Growers, Inc. The defendants also filed a set of proposed findings of fact in accordance with Civil Local Rule 56.2

Fed. R. Civ. P 12(b) provides, in pertinent part, that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The plaintiff's response brief is entitled "Response to Defendants' Motion for Summary Judgment." Furthermore, the plaintiff attached to its brief what is represented by counsel to be a relevant invoice of Calavo, thereby suggesting the plaintiff's recognition and acknowledgment that the defendants' motion is, and can be properly treated as, one for summary judgment. Accordingly, the court will treat the defendants' motion as a motion for summary judgment.

dos never were the subject of any sale between the parties. Calavo never offered the avocados for sale to Gagliano, and Gagliano did not agree to purchase them. Gagliano served only as a storage facility for Plaintiff's avocados before Plaintiff arranged for sales to third parties. Gagliano simply followed Plaintiff's instructions regarding storage and delivery of the avocados, as conveyed by Plaintiff's salespeople.

(Defs.' Br. at 6.) The defendants then proceed to argue:

The PACA was enacted in 1930 "to suppress unfair and fraudulent practices in the *marketing* of fruits and vegetables in interstate and foreign commerce." 49 Fed.Reg. 45737 [emphasis added]. The PACA trust provisions were passed in 1984 to provide additional legal protection for unpaid produce sellers until they have been paid. 1984 *U.S.Code Cong. & Admin. News* 406. *See Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc.,* 222 F.3d 132 (3rd Cir.2000). The PACA "allows produce *sellers* to establish a constructive trust over funds owed for *sales* on short-term credit and to recover against a responsible shareholder of the debtor company." *Patterson Frozen Foods,* 307 F.3d at 667–68 [emphasis added].

(Defs.' Br. at 5.) In sum, the defendants argue that, because there was never any sale of the avocados, the provisions of the PACA do not apply to the commercial transaction entered into between Calavo and Gagliano.

In response to the defendants' motion, the plaintiff argues that "[t]his case is in its infancy, and none of the parties in this case have yet to propound discovery regarding, *inter alia,* the nature of the parties['] relationship, an issue whose factual basis must be developed [sic] in order for the Court to ruel [sic] on the Defendants' Motion for Summary Judgment." (Pl.'s Br. at 2–3.) Thus, the plaintiff requests a continuance of the defendants' motion so that it might "be afforded the opportunity to conduct discovery on the issues presented in Defendants' Motion." (Pl.'s Br. at 3.)

Furthermore, the plaintiff has attached to its response brief a copy of an invoice, which it asserts is the third of the three invoices evidencing the $35,096.00 it claims to be owed by the defendants. According to the plaintiff, "[t]hat third invoice . . . not only evidences a contractual relationship between Plaintiff and Defendant Anthony Gagliano & Co., Inc., but also evidences the existence of the PACA trust in favor of Plaintiff, as well as the factual basis for the personal liability counts set forth in the Complaint." (Pl.'s Br. at 6–7.)

Finally, the plaintiff argues that, "[e]ven assuming, *arguendo,* that Defendants' assertion that the relationship between the parties was limited to a bailment relationship is true, then prior to dismissing the Complaint pursuant to Rule 12(b)(6), Plaintiff should be permitted leave to amend its Complaint accordingly." (Pl.'s Br. at 7.)

In their reply the defendants argue that, because the plaintiff failed to respond to the defendants' proposed findings of fact as required by Civil L.R. 56.2(b)(1) and because the plaintiff failed to submit any evidence demonstrating any material dispute of fact as required by Fed. R. Civ. P 56(e), the defendants' motion should be granted. Furthermore, the defendants argue that the plaintiff's request for time to take discovery should be denied because the plaintiff has failed to set forth with any particularity why it needs to take discovery. Finally, the defendants argue that, to the extent the plaintiff is asking for leave to amend its complaint to allege a bailment relationship, such request should be denied. This is because the court's jurisdiction is based on the provisions of the

PACA and those provisions require there to have been a sales transaction.

As previously stated, along with its motion the defendants filed a set of proposed findings of fact in accordance with Civil Local Rule 56.2(a). No responses to such proposed findings were filed by the plaintiff. Therefore, in accordance with Civil L.R. 56.2(e), "the Court must conclude that there is no genuine issue as to any proposed finding fact" as set forth in the defendants' proposed findings of fact. Such conclusively established findings of fact are as follows.

■ Plaintiff and Defendant Anthony Gagliano & Co., Inc. ("Gagliano") had an arrangement for a number of years in which Plaintiff sent avocados from California to Gagliano's facility storage until Plaintiff's salespeople conveyed further instructions. (Defendants' Proposed Findings of Fact ["DPFOF"] ¶ 1.)

Plaintiff paid Gagliano in exchange for this storage service. (DPFOF ¶ 2.) In this agreement, Gagliano served only as bailee for Plaintiff's avocados. (DPFOF ¶ 3.) The avocados were held at the storage facility until Plaintiff's salesperson contacted Gagliano and provided specific instructions for transporting the avocados to Plaintiff's customers. (DPFOF ¶ 4.)

The agreement between Plaintiff and Gagliano continued through 2001. (DPFOF ¶ 5.) During 2001, as it had for many years, Gagliano stored and delivered at Calavo's direction all avocados sent by Calavo. (DPFOF ¶ 6.)

In early 2002, Plaintiff contacted Gagliano and advised that Plaintiff was unable to account for all of the avocados sent to and stored at Gagliano's facility, all of which had been delivered according to Plaintiff's instructions. (DPFOF ¶ 7.) Defendant Michael Gagliano attempted to assist Plaintiff in reconciling its inventory and sales records. (DPFOF ¶ 8.)

In May 2002, Plaintiff sent Gagliano invoices for the missing avocados, claiming that Gagliano had purchased them. (DPFO ¶ 9.) Plaintiff's invoices contained shipping dates and prices which were untrue. (DPFOF ¶ 9.) Gagliano did not purchase the avocados in question from Plaintiff. There was never a sale agreement between Plaintiff and Gagliano. (DPFOF ¶ 11.)

To be sure, there is an assertion made in the plaintiff's brief that attached to the brief is a third invoice which "evidences a contractual relationship" between the plaintiff and Gagliano. However, the assertion is unsworn. It is well established that a party opposing a properly supported summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Reid v. Norfolk & Western Ry. Co.,* 157 F.3d 1106, 1110 (7th Cir.1998).

The bottom line is that the defendants' proposed findings of fact are uncontradicted. This includes the findings that "Gagliano did not purchase the avocados in question from [Calavo]" and that "[t]here never was a sale agreement between [Calavo] and [Gagliano]." These factual findings are determinative with respect to the plaintiff's claims under the PACA.

"The PACA grants the sellers of [perishable agricultural] commodities the right to recover against the purchasers and puts the sellers in a position superior to all other creditors." *Gargiulo v. G.M. Sales, Inc.,* 131 F.3d 995, 999 (11th Cir.1997). In *Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co., Inc.,* 336 F.3d 410, 413 (5th Cir.2003), the court described the PACA as follows:

PACA was enacted in 1930 to regulate the sale of perishable commodities, and

"promote fair dealing" in the sale of fruits and vegetables. In 1984, PACA was amended to extend its protection to sellers of perishable commodities, who, because of the need to sell their products quickly, were often unsecured creditors of buyers whose creditworthiness they were unable to evaluate before the sale. To "remedy this burden on commerce in perishable commodities," Congress added the provisions in § 499e, which create, immediately upon delivery, a nonsegregated "floating" trust in favor of sellers on the perishable commodities sold and the products and proceeds derived from the commodities. If the seller is not paid promptly, the trust assets must be preserved and the seller's claims prime those of other secured and unsecured creditors for the full amount of the claim.

*Reaves Brokerage,* 336 F.3d at 413 (footnotes with citation omitted). "The idea behind the PACA trust is to aide the seller to recover proceeds from delinquent purchasers and vests the district courts of the United States with jurisdiction to hear 'actions by trust beneficiaries to enforce payment from the trust ...' 7 U.S.C. § 499e(c)(5)." *United Potato Co., Inc. v. Burghard & Sons, Inc.,* 18 F.Supp.2d 894, 898 (N.D.Ill.1998).

Simply stated, the undisputed evidence is that Calavo did not sell any avocados to Gagliano. Instead, Gagliano served as a bailee for Calavo's avocados. Such being the case, Calavo cannot seek relief as a seller of perishable commodities under the PACA against the defendants.

As stated previously, the plaintiff requests a continuance of the defendants' motion so that it might "be afforded the opportunity to conduct discovery on the issues presented in Defendants' Motion." (Pl.'s Br. at 3.) In support of such request it has submitted the affidavit of one of its attorneys, Katy L. Koestner. In her affi-davit, Attorney Koestner avers, *inter alia,* that "[n]o discovery whatsoever has been conducted in this case. No depositions have been taken, nor has any written discovery been exchanged.... Discovery is necessary in order for Plaintiff to develop and prove the facts which are essential to oppose the Defendants' Motion for Summary Judgment." (Koestner Aff. at ¶ 7–8.)

To be sure, Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).

However, relief under this rule does not come automatically. In *Korf v. Ball State University,* 726 F.2d 1222 (7th Cir.1984), the court noted that,

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating *why he cannot respond to movant's affidavits* ... and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*Korf,* 726 F.2d at 1230 (emphasis in original); *see also United States v. On Leong Chinese Merchants Association Building,* 918 F.2d 1289, 1295 (7th Cir.1990), *cert. denied,* 502 U.S. 809, 112 S.Ct. 52, 116

L.Ed.2d 29 (1991) ("[C]laimant failed to specify any information it could produce by deposing either adverse witnesses or witnesses under its control. Similarly claimant did not demonstrate that it would discover facts sufficient to rebut the government's showing of probable cause. Under these circumstances, the district court did not abuse its discretion in refusing claimant's Rule 56(f) motion.").

In the case at bar, Attorney Koestner's affidavit gives no hint as to what she hopes to discover by way of deposition or other discovery tool that would serve to rebut the defendants' motion for summary judgment. Instead, she merely avers in bald, conclusory fashion that "[d]iscovery is necessary in order for Plaintiff to develop and prove the facts which are essential to oppose the Defendants' Motion for Summary Judgment." (Koestner Aff. ¶ 8.) This is not a showing that is sufficient to obtain relief under Rule 56(f).

Furthermore, the defendants' motion for summary judgment was filed on August 18, 2003. Thus, in accordance with Civil L.R. 7.1(c), the plaintiff's response brief together with supporting materials was to be filed thirty (30) days thereafter, i.e., on or before September 17, 2003. The parties entered into two stipulations for extensions of time, ultimately calling for the plaintiff's response to be filed no later than October 13, 2003. Such being the case, the plaintiff certainly had more than adequate time to obtain from its principals sufficient information to prepare and file affidavits that would (if they could) raise a genuine issue as to whether the plaintiff sold the avocados to Gagliano, as opposed to merely having Gagliano store the avocados. That no affidavits containing such averments have been submitted certainly suggests that no one at Calavo is in a position to

aver to the same. And if no one at Calavo is willing to aver to the fact that the avocados were sold to Gagliano, it seems wishful thinking that any of the defendants would aver during discovery that Calavo sold the avocados to Gagliano.

Finally, the plaintiff argues that, rather than dismiss its complaint, the court should grant the plaintiff leave to amend the complaint to assert a claim predicated on there having been a bailment relationship between Calavo and Gagliano. But the plaintiff has made no attempt to show that a claim under the PACA can be asserted based on a bailment relationship.[2] Accordingly, the plaintiff's request for leave to file an amended complaint is denied.

In conclusion, the defendants' motion for summary judgment will be granted, at least as to the claims that have been asserted under the PACA. The state law claim for breach of contract, over which this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, will be dismissed without prejudice so that the plaintiff may pursue that claim in state court, should it wish to do so. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

**NOW THEREFORE IT IS ORDERED** that the defendants' motion for summary judgment be and hereby is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the federal law claims set forth in Counts I, II,

---

**2.** Indeed, for the reasons set forth previously, it is doubtful that such a claim could be asserted. To reiterate, the PACA trust provisions were enacted to protect the *sellers* of perishable commodities.

and IV of the complaint be and hereby are **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that the state law breach of contract claim set forth in Count III of the complaint be and hereby is **DISMISSED WITHOUT PREJUDICE;**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED.**